UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLY ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | CASE NO. 1:07-cv-1219-DFH-WTL |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON RULE 59 MOTION

On June 23, 2008, the court affirmed the decision of the Commissioner of Social Security denying disability insurance benefits to plaintiff Kimberly Roberts. 2008 WL 2557454 (S.D. Ind. 2008). Ms. Roberts suffered from back pain and then had surgery on December 16, 2002 to fuse two vertebrae. That surgery was not successful, and on July 23, 2004, another surgeon removed the hardware that had been implanted in the first surgery. The second surgeon performed another operation on November 16, 2004 that resulted in a solid fusion of two vertebrae.

In the course of its discussion of the issues, the court made this comment in a footnote: "In this judicial review, Ms. Roberts has not argued that the ALJ erred in failing to award disability benefits for a closed period beginning in late 2002 and ending when the fusion surgery was finally successful." 2008 WL 2557454 at *9 n.2. Ms. Roberts has responded to the court's decision by filing a

motion to amend the judgment under Rule 59 of the Federal Rules of Civil Procedure. She now makes the argument she did not make before. She seeks an order remanding her case to the Commissioner for either an award of disability insurance benefits for a closed period between November 2002 and January 2005 or a new hearing on whether she was eligible for benefits during that closed period.

A motion to reconsider under Federal Rule of Civil Procedure 59 is appropriate where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. See *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *Tucker v. SmithKline Beecham Corp.*, 2008 WL 2788505, *2 (S.D. Ind. July 18, 2008) (granting Rule 59 motion where court had failed initially to appreciate significance of one critical feature of relevant federal regulations). A Rule 59 motion is not a suitable vehicle for making arguments that could have been made before the court made its decision. *E.g.*, *Havoco of America, Ltd. v. Sumitomo Corp.*, 971 F.2d 1332, 1336-37 (7th Cir. 1992). A federal district court's decision is not a "first draft" subject to a prolonged cycle of further debate and revision. See *Pickett v. Prince*, 5 F. Supp. 2d 595, 597 & n.4 (N.D. Ill. 1998) (denying motion to reconsider and explaining that district court opinions "are not intended as mere first drafts, subject to revision

and reconsideration at a litigant's pleasure"), quoting *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 & (N.D. Ill. 1988) (original source of quotation cited or quoted in hundreds of decisions; denying motion to reconsider interlocutory grant of summary judgment where losing party offered supposedly new evidence that had been available to it during earlier briefing).

The court considers the possibility of a remand for determination of a closed period of disability to have been waived or forfeited by plaintiff's failure to argue for it during the judicial review. See, *e.g.*, *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 818-19 (7th Cir. 2006) (affirming district court's denial of Rule 59 motion raising new theory in opposition to dismissal of complaint); *United States v. Hook*, 195 F.3d 299, 310 (7th Cir. 1999) (affirming criminal conviction and finding several issues waived); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (affirming dismissal of complaint: "Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."). It is possible that an argument for a closed period of disability might have been successful if it had been made, but only possible. If plaintiff had made the argument, the Commissioner would have been entitled to respond. The court cannot and will not speculate about what questions and issues might have arisen with respect to that possibility.

To argue that the court should consider this possibility for the first time at this stage, Ms. Roberts cites *Smith v. Bayer Corp. Long Term Disability Plan*, 275 Fed. Appx. 495 (6th Cir. 2008), an unpublished decision by the Sixth Circuit that is available for citation pursuant to Rule 32.1 of the Federal Rules of Appellate Procedure. In *Smith*, the plaintiff sought total disability benefits under a private long term disability insurance policy governed by ERISA. The district court awarded benefits. The Sixth Circuit reversed and remanded, instructing the district court to consider whether the plaintiff might nevertheless have been eligible for total disability benefits or partial disability benefits during a closed seven-month period. *Id.* at 511. The Sixth Circuit explained that the plaintiff had not waived any such claims because his complaint had asked generally for "benefits." *Id.*

The key difference between *Smith* and this case is that Mr. Smith had won in the district court, and that victory was vacated and the case remanded. The district court had awarded too much relief, the Sixth Circuit found, but the correction of that error did not mean that the plaintiff should be prevented from showing that he was still entitled to a lesser amount. In this case, benefits have been denied to Ms. Roberts at every step of the process. Most important, the plaintiff had a full opportunity to present her arguments as to any relief she believed she was entitled to receive. The court tried to provide careful consideration of those arguments, and the court affirmed the decision of the Commissioner. At the judicial review stage of a Social Security disability benefits

-4-

case, the matter is adversarial in nature. The court must rely on the parties to select the issues and to present and frame them. A party is not entitled to present the issues she wishes to raise, to receive a decision from the court, and then to insist on starting over again with a new strategy.

Similar issues arise in trial strategy all the time. Suppose a civil plaintiff presents an aggressive damage theory to a jury. The theory may be so aggressive that it undermines the plaintiff's credibility and the jury rules for the defense. The plaintiff is not then entitled to a second chance to present a more reasonable theory. Or in a criminal case, a defendant might choose not to ask for jury instructions on a lesser-included offense, hoping instead to win outright acquittal. If the jury convicts on the more serious charge, the defendant is not then entitled to a second trial where he can try Plan B, hoping for conviction on only the lesser charge.

Similarly here, plaintiff Roberts presented her arguments, and she presented them well. The court decided those issues as they were presented. That decision was not a first draft, and there is no warrant now for a second round, starting all over again. The court did not express views in the original decision, and does not express any views now, on the possible merits of the argument Ms. Roberts did not make. Her Rule 59 motion is hereby denied.

So ordered.

Date: February 12, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Timothy J. Vrana
tim@timvrana.com

Tom Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

-6-